Good morning and may it please the court, my name is Stephanie Adractis and I represent Wesley Kingsbury. This court should hold that rule 58, the separate judgment document rule, applies to motions to vacate, set aside, or correct a sentence under section 2255 and find that Mr. Kingsbury's notice of appeal was timely filed. The court should also issue a certificate of appealability as to Mr. Kingsbury's claims. The time for filing a notice of appeal is a critical period in a collateral attack on a criminal judgment. In order to avoid default of appellate rights, it's particularly important that the date that the judgment is entered is clear. In section 2254 cases, the rule 58 separate judgment document rule provides clear notice that the time for filing an appeal has commenced. The same rule should apply in 2255 challenges in order to promote consistency and clarity as to the time for filing. The majority of courts that have considered... There would be clarity whatever rule we adopt though, wouldn't there be? Well Your Honor, the problematic nature of the order on a motion for 2255 is that it And that was the reason that the court adopted the rule 58 to supply a single individual short and clear document that signals to the petitioner that the time for filing has begun. There's discussion in some of the cases cited about whether or not a packet of documents that is issued as a final judgment on a petition is or is not a final judgment. So it's not entirely clear, particularly for a pro se petitioner, as often is the case with a section 2255 motion. The majority of the courts that have considered the issue have held that under a straightforward reading of the applicable rules that rule 58 applies to section 2255 appeals. That's by operation of rule 11 of the 2255 rules, which states simply that rule 4A of the Federal Rules of Appellate Procedure applies. Okay. Can I ask you, we have said with respect to rule 59 and rule 60 motions that the time to file those motions, which can have the effect of tolling the time to file a notice of appeal, that the time for those motions does run from the entry of the order. Just the order, you know, not necessarily any kind of a need for a separate document with a, that's titled judgment. And that just seems to me inconsistent with what you're asking us to hold. Am I wrong in thinking that? No, there is no inconsistency because the 59 and 60 motions by their nature are seeking to change the underlying order disposing of the petition or motion. And so there isn't any inconsistency there because it doesn't make sense to have two motions, possibly one that's filed before and perhaps after the ruling on the motion seeking to change or modify the judgment. My question's a little different. I'm talking about just running the time to file the motion. Do you know what I'm saying? To file a notice of appeal or? No, no, no. To file the motion. The rule 59 and rule 60 motion. We have said that that time runs from the time that, like in this case, it would be from the date that the order was entered regardless of whether there was any separate judgment later filed. Right? Understood, Your Honor. However, Rule 58 by its terms only applies to when the final judgment is entered for purposes of a notice of appeal under Rule 4A. Rule 54, though, defines what a judgment is, and it could encompass an order like this, right? That's your whole position here. Rule 58, the, I'm sorry, the decisions interpreting Rule 58 and what is final judgment talk about whether or not the document includes legal analysis, a discussion of the facts. And so this, the judgment in this case or the order in this case wouldn't qualify as a final judgment under those cases. So the effect of the, if you want to call it the district court's error here would mean that the time for filing a Rule 59 or Rule 60 motion wouldn't begin running for 150 days after entry of the order. And that just seems silly. That doesn't seem like what anybody could intend, right? But that's the effect of your position, is that if there's an error of the sort we have here, the time even for filing a Rule 59 or Rule 60 motion won't run until 150 days elapsed, right? It could. The cases that focus on whether or not Rule 58 applies to 2255 petitions don't address that inconsistency. So I can't definitively say, yes, there is an inconsistency here and it would cause confusion as to filing Rule 59 or 60 motions. But I can say that if United States v. Hayman applies in its totality to Rule 2255 petitions, that the civil rules of appellate procedure in total apply to 2255 motions. And so one could refer to them as a source of the authority governing the filing of the Notice of Appeal without reference to Rule 59 or Rule 60. I hope that's clear. It's hard to... No. I just, I think you should acknowledge that the effect of the rule you're asking us to adopt is to extend potentially the time for filing those post, what would ordinarily be deemed post-judgment motions. Potentially it would. But if Hayman applies to litigation of appeals, which clearly it does, the only source of authority for the one case, Williams, that holds that Rule 58 does not apply are the advisory committee notes to Rule 11 of the 2255 rules. And even those notes were amended later to clarify that United States v. Hayman does in fact still apply and does state that the federal rules of appellate civil procedure apply to 2255 appeals. That seems to be dispositive of the issue before the court now. I understand the court's concern that perhaps it would create some, an issue regarding when one must file a Rule 59 or 60 motion. But because those are under the federal rules of civil procedure, that does not seem to be an inconsistency that is governed by Hayman. It would be governed by other authority that isn't directly on point. Do you know what's happened in the circuits that have adopted the rule you're advocating for Rule 59 and 60 motions? I did not see any cases in looking at the authorities that, looking at the circuit split, that there was any discussion of Rule 59 or 60 motion deadlines being affected in a way that caused concern procedurally with these petitions. I guess I'm interested in the second question here is, you know, why a certificate of appealability should issue in this case? Mr. Kingsbury's request for a certificate as to whether or not his plea was voluntary and also whether he had ineffective assistance of counsel, although there's a crossover between those two issues because his contention is that his plea was involuntary because his plea was ineffective. And there are, of course, many cases where, post-conviction, a petitioner says, my plea was coerced, it wasn't voluntary. But this case is different because of Mr. Kingsbury's very serious medical conditions and it's documented in the record that he had been suffering from a serious heart condition beginning when he was a teenager and also that he was in a car accident on his way to court at the time of the commencement of his first trial. So the court declared a mistrial. He did suffer a spinal cord injury. He was receiving medical care related both to that and then also as to his heart condition. The government asserts before us that the involuntariness claim is procedurally defaulted. Your Honor, I address it in my reply that there's not a procedural default here because Mr. Kingsbury's 2255 motion includes facts that are not included in the record on appeal. For example, his contentions about his health condition and his conversations with his counsel are not part of the underlying record on appeal. So he could not have brought these claims in a direct appeal. He properly brought them in a 2255 motion where he was able to supplement the record. So I cited authority in my reply that when the petitioner or movement in this case is bringing new facts before the court that there's no procedural default in bringing it first in a 2255 motion and actually that's what this statute was intended to provide was a vehicle for bringing claims like these where there's other information besides what is It seems like he needs to have a hearing on this issue if he's going to ever prevail on it. But the next step if we grant the COA would be more appeal not going directly back to the district court. Is that right? That is right, Your Honor. That this court would have to remand the matter to the district court for an evidentiary hearing. That's not before us right now? It's not. Only as to the certificate. Thank you. Thank you. We'll give you a minute for a vote. Thank you, Your Honor. Let's hear from the government. Good morning, Your Honors, and may it please the court, Christopher Smith for the United States. Your Honors, this court should hold that Mr. Kingsbury's notice of appeal was timely filed, but it should decline to issue a certificate of appealability and dismiss the appeal for lack of jurisdiction on that basis. What's the, especially in the context in which it's just a straight denial of the motion, I guess I don't understand the need for this separate piece of paper that's going to just cause district court clerks huge headaches. There's no ambiguity about when the notice of appeal should be filed when there's a straight denial. I understand if the court isn't going to in any way grant some form of relief, well, most often there will be entry of a new judgment because by definition you will have altered in some fashion the underlying judgment in the criminal case. But when it's a straight denial, the judgment from the original criminal case simply stands. And I don't see why there's a need to enter a new judgment. Your Honor, your point's well taken, and I do think in the large majority of cases it might be clear. But so too may be the case in civil cases. And the Supreme Court made clear in a case called Indre Lunas that prior to 1963, when Federal Rule of Civil Procedure 58 was adopted, that there was considerable uncertainty over what actions the district court would, what actions of the district court would constitute entry of judgment for purposes of notice of appeal in a civil case. And the straightforward application of the rules as the D.C. Circuit termed it in Johnson does lead us to the same conclusion here. And I think that the rationale, the need for clarity, and maybe it is a belt and suspenders type of clarity, but the need for clarity here is called for by the same rationale that led the Rules Committee to adopt Rule 58 to begin with. Yeah, and that's my question. Why? Well, I think most, the vast majority of these motions just get denied. It's a straight denial just like this one. What ambiguity exists in that scenario from the petitioner's standpoint? Well, Your Honor, I would note that even beyond the usual civil case, here in the 2255 context, we're dealing in a situation where a large portion of these individuals may be indigent and acting pro se. So there is an enhanced need for clarity in that regard. Again, I take your point that in the mainstay of cases, it may indeed be a straight denial. But there are cases I could think of where they're- Give me, that's what I'm trying to get. Tease out. Let's hear the examples of where there would be ambiguity. I get it in the regular civil case. I see that all the time. But in this context, give me some examples. Well, some examples, I think perhaps more of the ambiguity could be when the motion is partially granted in some way that- That's why I said when that happens, by definition, the underlying judgment in the criminal case is disturbed. Right. And there needs to be entry of a new judgment. And then I totally get why Rule 58 kicks in at that point. I'm talking about in the, I don't know what the percentages are, but I would guess 80, 90 percent of 2255 petitions just result in a straight denial, like here. And I'm saying in that context, what kind of ambiguity could possibly arise? Your Honor, I think in a case like this one, I think the court's memorandum is pretty clear that it's a straight denial. I'm not in a case where there is just simply a straight denial. I'm not coming up with a good example off the top of my head here. But the rules, I think, and I, perhaps for the first time I've ever said this, I agree with almost everything Petitioner's Counsel has said here. That a straightforward application of these rules, I think, leads to no other conclusion. Because Rule 11, 2255, Rule 11B, references expressly Federal Rule of Appellate Procedure 4A, which governs civil cases. Federal Rule of Appellate Procedure 4A7 expressly incorporates the Federal Rule of Civil Procedure 58. Now, the history of that, as my opposing counsel touched on, I think is quite clear. And that's in the Supreme Court's decision in Hayman in footnote four. The court made clear there that the civil rules pertaining to appeals apply to 2255 actions. Now, when the 2255 rules were adopted, there was the potential that they could inject some ambiguity into that. Because there are statements in some of the advisory committee notes in those rules that a 2255 motion is a further step in a criminal case. And that's why the 1979 amendment to Rule 11 came into play. Because the advisory committee notes there say that that is to indicate that Hayman still is good law. And that the civil rules apply here. And even though I can't think of a great example off the top of my head, Your Honor, where in a situation like this, where it is a straight denial without an evidentiary hearing, where the district court's order would leave much ambiguity, this is where the rules in their straightforward application leave us. And again- Is there ambiguity right now because the district courts differ in their practices? My understanding is some district courts enter a separate document, some don't. In our circuit, there's real mix. And I think, Your Honor, we made that point in our briefs. And this goes to Your Honor's Rule 59 and 60 point. I think while there theoretically could be some daylight there, practically speaking, if this court issues a clear rule in this case, the separate judgment simply on a separate piece of paper as a separate docket entry will follow as a matter of course in this circuit. And I think the situation will be improved simply by clarity in that regard. And again, the Supreme Court and other circuits have been quite clear that because of the rationale of Rule 58, which again was animated primarily in the civil context, a mechanical application of that rule is required for it to function effectively. And Your Honors, I'll just very briefly turn to the certificate of appealability point. As this court held and explained in its case called Muth, and as the Supreme Court explained in Blackledge v. Allison, statements made at a plea colloquy have the strong presumption of veracity of truthfulness. And Your Honors, the plea colloquy in this case runs about 30 pages of transcript. It's one of the more thorough plea colloquies that I've ever seen, quite frankly. And it addresses, directly addresses a number of the points that have been raised here. And Mr. King's- Why isn't this case, at least at the COA stage, where he doesn't have to win, he just has to have a more plausible claim. Why isn't it the case that there should at least have been a hearing to flesh out what happened? I mean, he has factual allegations that conflict with his lawyer's account that are pretty serious. And how could the judge figure out who was telling the truth? Well, Your Honor, to begin with, the district judge in her findings noted that Mr. Kingsbury's demeanor and her observations in the hearings, in addition to the simple statements that he made in the hearings, indicated that he was competent and was entering the plea voluntarily. So the district court noted that in her findings of his demeanor. Well, he may have been competent, but whether he felt like he had to plead guilty so that he could have medical treatment, I mean, it does seem plausible that he might have been thinking that and still said a lot of the things that he said. Well, I think, Your Honor, in some case, perhaps it would be plausible. Here, I draw the court's attention to ER 53, and there, in the Rule 11 colloquy, the district court says, I want to make, speaking to Mr. Kingsbury, says, I want to make sure you understand that if we go forward with the trial, I will make sure that the doctors are able to see you so that your health is not in danger in any way. Do you understand this? And he says, yes. And that's one piece of a longer colloquy about his health. I mean, the district court engaged in a pretty thorough examination of this during the colloquy. And while there might be some theoretical circumstance that could overcome that, it hasn't been here. And under the Slack v. McDaniel standard, I don't think that reasonable jurists could differ on the outcome of this claim. Even if his lawyer had told him that whatever this judge says, don't believe her, she's not going to give you a continuance? Well, Your Honor, I think that the district judge on the record, and again, that's where we go to mooth and blackledge. You have to put some weight onto the sworn statements of the petitioner in this case. And if it were a situation where the issue had not been covered at all in the colloquy, maybe this would be different. But it was directly addressed under oath, and he confirmed multiple times that he understood. And if the court has no further questions, Your Honor, I would ask you to dismiss the appeal for lack of jurisdiction. Can I ask just one question, purely out of curiosity? You came from Main Justice, I assume? Yes, Your Honor. How come? Is it just because of this Rule 58 issue, or is there something special about the case? Well, Your Honor, it was originally prosecuted by our fraud section at Main Justice, because it originated as a healthcare fraud case. We do do cases such as this one where perhaps there's a complex legal issue involved that courts around the country have diverged on. But this one primarily is because it was our fraud section. Okay, thank you very much. Thank you, Your Honors. Appreciate the argument. We'll give you a minute for rebuttal. Thank you, Your Honor. I do have one example of a situation where perhaps a movement could be confused. And that is when a magistrate judge issues initial findings and recommendations as to the disposition of the petition. And then the parties are given an opportunity to object before a final decision is entered. Those findings and recommendations can sometimes appear to an unskilled person as disposing of the petition because they state, for example, this petition should be denied. A pro se litigant could be confused by that, could believe that that actually is the final order. And if one applies for A, and they file their notice of appeal right after those findings and recommendations are issued, it would be both premature and would not qualify for later deemed filing under 4A, because it was filed before the actual final order in the proceeding. And I've actually seen this kind of situation come up in my practice with pro se litigants who do not understand that, in fact, the court is not actually disposed of the petition yet. The district judge needs to review the findings and recommendations and make a final judgment afterward. I hope that's helpful. That was helpful. Can I ask you, so on your side is the red light flashing? Yes, it is. That is just incredibly annoying. It's some new thing they've instituted. I'm going to have to ask that they put to a stop because it is just flashing right in front of me. I didn't notice it, exactly. Okay, thank you very much. The case just argued will be submitted, and we will move to the next case on the calendar.
judges: Fisher, Watford, Friedland